```
DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (SBN 117213)
BERNICE K. WU (SBN: 329661)
155 Sansome Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
cjh@dillinghammurphy.com
bkw@dillinghammurphy.com
```

Attorneys for Defendant AutoVIN, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON JONES,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOVIN INC., an Indiana Corporation;<br>and DOES 1-25,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY); DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant AUTOVIN INC., an Indiana Corporation (hereinafter "Defendant" or "AutoVIN"), by and though its counsel, hereby removes the above-named action from the Superior Court of the State of California for the County of Los Angeles for the reasons described below:

1.  Plaintiff SHELDON JONES (hereinafter "Plaintiff") filed his Complaint in Los Angeles Superior Court on or about January 23, 2023, naming AutoVIN, Inc. as the only defendant. (See Declaration of Bernice K. Wu in support of Notice of Removal, "Wu Decl." at ¶ 2, Exhibit A Complaint).

2.    In his Complaint, Plaintiff generally alleges that his former employer, AutoVIN terminated him in violation of the Fair Employment and Housing Act ("FEHA").

3.    Plaintiff alleges seven causes of action for discrimination in violation of FEHA, failure to accommodate in violation of FEHA, failure to engage in the interactive process, failure to investigate and prevent discrimination, retaliation, wrongful termination in violation of FEHA and wrongful termination in violation of public policy. (Wu Decl. ¶ 7).

4.    The prayer of Plaintiff's Complaint seeks (1) general damages; (2) special damages; (3) punitive damages; (4) attorneys fees; (5) costs of suit; (6) injunctive relief; and (7) declaratory relief. (Wu Decl. ¶ 8).

5.    Plaintiff personally served Defendant's service of process agent with the Summons and Complaint on February 1, 2023. Defendant filed an Answer in State Court on March 2, 2023. (Wu Decl. ¶ 9).

## JURISDICTION

6.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332. This case may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a case that could have been commenced in federal court based on diversity of citizenship. The Plaintiff's state of citizenship is California when the action was filed and at the time of removal, is different than the state of citizenship of Defendant, which is Indiana. Additionally, at the time of removal, the amount in controversy exceeds $75,000.

7.    To establish citizenship for diversity purposes, a party must be domiciled in a state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Domicile is determined as of the time the lawsuit is filed. *Id.* at 750. A person is domiciled in the place if he resides with the intention to remain. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 847 (9th Cir. 2001).

8. A corporation is domiciled in every state by which it has been incorporated and where it has its principal place of business. 28 U.S.C. section 1332(c)(1). The principal place of business refers to the corporation's nerve center where the corporation's board and high-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The nerve center is typically the corporate headquarters. *Id.*

9. Plaintiff is domiciled in California at the time this action commenced and remains so at the date of this filing. His Complaint alleges that at all times mentioned in the Complaint, he was a resident of the state of California. Plaintiff's last known address is in Los Angeles, California. (Wu Decl. ¶ 3.)

10. At the time the action was commenced, Defendant was domiciled in Indiana. Defendant is incorporated in the state of Indiana and has its principal place of business in Indiana. AutoVIN is not incorporated in California. The company's headquarters is in Carmel, Indiana where its corporate officers and the board of directors direct, control and coordinate AutoVIN's activities and make company policy. Therefore, Defendant's domicile is in Indiana. (Wu Decl. ¶ 13.)

11. The amount in controversy exceeds the requisite $75,000 limit. (See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) [The amount in controversy must be proven by a preponderance of the evidence. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."]).

12. Plaintiff alleges general damages including but not limited to, loss of salary and benefits, loss of employment related opportunities and damage to his reputation. At the time of Plaintiff's termination, alleged to have occurred on June 19, 2022, he was making approximately $23/hour. Plaintiff worked full time and worked at least forty (40) hours per week. Therefore, Plaintiff's lost wages approximate to at least $47,840 per year. (Wu Decl. ¶ 10.)

13. Plaintiff also alleges special damages including but not limited to emotional distress, humiliation, mental anguish, and embarrassment which has resulted in the manifestation of physical symptoms. (Wu Decl. at ¶ 12.)

14. Plaintiff also alleges he is entitled to attorneys' fees and costs under California Government Code section 12965(b). (Wu Decl. at ¶ 11.)

15. Based on the information known to Defendant in the Complaint, it is more likely than not that Plaintiff's special damages and attorneys' fees amount to more than $27,160. Therefore, the amount in controversy exceeds $75,000. (Wu Decl. at ¶ 12.)

## INTRADISTRICT ASSIGNMENT

16. The state court action was filed in the County of Los Angeles, which serves as the basis for assignment in the Western Division.

## CONSENT TO REMOVAL

17. No consent to removal is necessary. The only person or entity specifically named in Plaintiff's Complaint is Defendant. The other defendants are Doe Defendants. Citizenship of defendants sued under fictitious names are disregarded. 28 U.S.C. section 1441(b)(1).

## NOTICE TO PLAINTIFF AND STATE COURT

18. Immediately following the filing of this Notice of Removal, written notice of this filing will be served on the Plaintiff and will be filed with the Clerk of the Superior Court for the County of Los Angeles, in accordance with 28 U.S.C. section 1446(d). (Wu Decl. ¶ 15).

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

WHEREFORE, the undersigned requests that, pursuant to 28 U.S.C. section 1441, *et seq.*, the action described be removed in its entirety to this Court for all further proceedings.

| | | |
|---|---|---|
| 1 | DATE: March 3, 2023 | DILLINGHAM & MURPHY, LLP |
| 2 | | |
| 3 | | __/s/ Carla J. Hartley_____ |
| 4 | | CARLA J. HARTLEY<br>BERNICE K. WU |
| 5 | | Attorneys for Defendant<br>AutoVIN, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 5 – Case No.
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY); DEMAND FOR JURY TRIAL